**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARK S. HORTON (#128790)** | **CIVIL ACTION** |
| **VERSUS** | |
| **CHAPLAIN JACKSON, ET AL.** | **NO. 09-0915-BAJ-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 22, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARK S. HORTON (#128790)**　　　　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**CHAPLAIN JACKSON, ET AL.**　　　　　　　　　　　　　　　　　　**NO. 09-0915-BAJ-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 9.[1]  This motion is not opposed.

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Chaplain Jackson, Warden Dennis Grimes, Sheriff Sid Gautreaux and Capt. Johnny Scott, complaining that his constitutional rights were violated in August and September, 2009, when the defendants failed to allow the plaintiff and other Muslim inmates to participate in Ramadan fasting.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Uncontested Material Facts, a certified copy of the plaintiff's pertinent administrative remedy proceedings and disciplinary records, a memorandum dated August 24, 2009, authored by defendant Johnny Scott, and the affidavits of Mary Lynne Henson and defendant Scott.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  If the

---

[1]　　　　The defendants originally filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  However, inasmuch as the defendants relied upon documents and exhibits outside of the pleadings in support of their motion, the Court converted the motion to one for summary judgment, as is permitted by Rule 12(d), and directed the plaintiff to respond thereto.  <u>See</u> rec.doc.no. 10.

moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little, supra, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

In his Complaint, the plaintiff alleges that on or about August 19, 2009, he contacted the EBRPP Chaplain, defendant Jackson, and inquired about the upcoming Ramadan period, during which adherents of the Muslim faith are compelled by their religion to fast during daylight hours and to eat only before sunrise and after sunset. Although defendant Jackson allegedly stated that arrangements were being made for the month-long Ramadan observance, the plaintiff was thereafter denied an opportunity to receive his meal trays during the prescribed times. When the plaintiff again confronted defendant Jackson, the defendant made a joke regarding the plaintiff's request and failed to provide any relief. As a result, the plaintiff was allegedly denied an opportunity to comply with his religious beliefs between August 21 and September 19, 2009, and was "forced to try and keep food from earlier meals to fast correctly."

In response to the plaintiff's assertions, the defendants have introduced evidence reflecting

that on August 24, 2009, defendant Scott circulated a memorandum which provided generally that Muslim inmates at EBRPP would be allowed to observe the Ramadan fasting period, and that commencing on August 21, 2009, and continuing through September 19, 2009, Muslim inmates would be escorted to the kitchen "before the sun comes up and after the sun goes down for their meals". Notwithstanding this directive, and because the plaintiff was housed in punitive lockdown for the entire period of Ramadan due to a rule violation, he was not permitted to participate in this procedure. To the contrary, according to defendant Scott in his affidavit, "[d]ue to the additional expenses and high risk of security involved with escorting inmates from lockdown to the kitchen, lockdown inmates are served meals in their cells." As a result, although the plaintiff was allowed to receive his breakfast tray at 4:00 a.m. during the Ramadan period, i.e., before sunrise, he was served his dinner tray at the normal time, 4:00 p.m., prior to sunset.

In the instant motion, the defendants assert the defense of qualified immunity. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.[2]

---

[2] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, 555

Undertaking the Saucier analysis, the Court concludes that the defendants' motion is well-taken, and that they are entitled to qualified immunity in connection with the plaintiff's claims asserted against them.

Initially, it is unclear from the allegations of the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff's assertion that the defendants failed to provide him with Ramadan meals in August and September, 2009, as mandated by his religion, implicates the plaintiff's First Amendment right to practice his religion without undue hindrance. In response to this assertion, the defendants' motion initially seeks dismissal of the plaintiff's claims asserted against defendants Warden Grimes, Sheriff Gautreaux and Capt. Johnny Scott. Specifically, the defendants contend that although the plaintiff has named these persons as defendants in this proceeding, he has failed to include sufficient factual allegations to support a finding of liability against them. In this regard, pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and

---

U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). In the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra. Any allegation that defendants Grimes, Gautreaux and Scott are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In the instant case, the plaintiff makes no allegation that defendants Warden Grimes, Sheriff Gautreaux or Capt. Scott were in any way personally involved in making the determination that the plaintiff would not be provided with Ramadan meals in August and September, 2009. To the contrary, the plaintiff alleges only that he twice contacted defendant Jackson to discuss this issue, and that on the first occasion, defendant Jackson advised that arrangements were being made for Ramadan meals, and on the second, advised the plaintiff that he would not be provided with same. These allegations do not directly implicate defendants Grimes, Gautreaux or Scott. To the contrary, the defendants have introduced evidence suggesting that, at least as to defendant Scott, this defendant acted so as to provide Ramadan meals to most Muslim inmates confined at EBRPP. Accordingly, on the basis of the plaintiff's allegations and the evidence before the Court, and in the absence of any factual allegation that defendants Grimes, Gautreaux or Scott personally participated in determining to deny the plaintiff his Ramadan meals, there is no legal or factual justification for finding that these defendants bear any liability in connection with the plaintiff's claim. These defendants, therefore, are entitled to summary judgment.

Further, even if defendants Grimes and Scott, together with defendant Jackson, may be found to have personally participated in the decision to withhold Ramadan meals from the plaintiff -- in light of the plaintiff's allegation that defendant Jackson stated that neither Grimes nor Scott

would agree to allow the plaintiff to participate -- the Court concludes that the plaintiff has failed to allege facts which overcome the defendants' assertion of qualified immunity. In this regard, under the First Amendment to the United States Constitution, the law is clear that, notwithstanding the fact of confinement, prisoners enjoy the constitutional right to practice their religious beliefs. Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Powell v. Estelle, 959 F.2d 22 (5th Cir.), cert. denied, 506 U.S. 1025, 113 S.Ct. 668, 121 L.Ed.2d 592 (1992). Based, however, upon the "reality of incarceration and the inherent conflict with various legitimate penological objectives, their constitutional protections are considerably more circumscribed than those of the general public." Powell, supra. Therefore, in determining whether prison actions unreasonably impinge upon an inmate's constitutional rights under the First Amendment, the Court must consider the four factors set forth in Turner v. Safley, supra. These factors are (1) whether the action had a logical connection to the legitimate governmental interests invoked to satisfy it, (2) whether there were alternative means of exercising the rights that remained open to the inmate, (3) the impact that accommodation of the asserted constitutional rights would have had upon other inmates, guards and prison resources, and (4) the presence or absence of ready alternatives that would have fully accommodated the prisoner's rights at de minimis cost to valid penological interests. Id.

Based on the facts of this case, the Court finds that the plaintiff has failed to show that the actions of EBRPP officials were not "reasonably related to legitimate penological interests." Specifically, the defendants have provided evidence reflecting that, whereas prison officials at EBRPP took action to accommodate the needs of most Muslim prisoners during the Ramadan period by escorting them to the kitchen for their meals "before sunrise and after sunset", the plaintiff was not similarly accommodated "[d]ue to the additional expenses and high risk of security involved in escorting inmates from lockdown". Accordingly, although the plaintiff admittedly did not receive his evening meal after sunset during the Ramadan period, the defendants assert that security concerns were implicated in their determination not to treat lockdown inmates in the same manner

as general population inmates.  Further, the Court notes that although given an opportunity to do so, the plaintiff in this case has offered no opposition whatever to the defendants' Motion for Summary Judgment.  Nor has he submitted any affidavits or other evidence refuting the defendants' assertions contained therein.  In this regard, it is clear that a party may not rest upon mere allegations or denials contained in his unverified pleadings in opposing a motion for summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984).  In order to meet his burden, the party opposing such a motion "may not sit on [his] hands, complacently relying" on the pleadings.  Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990).  The non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor.  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987).  Upon the plaintiff's failure in this case to come forward with any opposition, argument, affidavit or other evidentiary showing to refute the defendants' motion, the defendants are entitled to summary judgment in their favor as a matter of law.

Further, and in any event, it appears that the plaintiff was able to receive his morning meal prior to sunrise during the Ramadan period, and he apparently had an opportunity, which he admittedly availed himself of, to save food from other meals served during daylight hours and to consume this food after sunset in compliance with his religious beliefs.  Accordingly, on the record before the Court, it appears that the plaintiff had other alternatives available to him for the practice of his religious beliefs.  Accordingly, he has not overcome the defendants' assertion of qualified

immunity relative to this claim.³  See Long v. Boehnemann, 2006 WL 2935200 (S.D. Tex., Oct. 12, 2006) (finding no First Amendment violation where inmate was able to save food from earlier meals during Ramadan and so had "other alternatives available that allowed him to honor his religious beliefs.").

The plaintiff also asserts in his Complaint that defendant Jackson subjected the plaintiff to taunts and verbal abuse when the plaintiff complained of the defendants' failure to provide him with Ramadan meals as required by his faith.  The law is clear, however, that mere verbal abuse, without more, fails to rise to the level of a constitutional violation.  "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973).  The plaintiff's allegations regarding taunts and verbal abuse, therefore, are insufficient to state a claim of constitutional dimension, and the plaintiff's claim in this regard is subject to dismissal as being without merit.

Finally, the Court notes that although the plaintiff prays for recovery of compensatory damages in this case, it is clear that he is precluded from such recovery by reason of 42 U.S.C. § 1997e(e), which statute prohibits the recovery of compensatory damages for mental and emotional injuries to an inmate who has not sustained a physical injury.  Moreover, although the plaintiff also

---

³  Although one court has recently concluded that a failure to allow inmates to participate in Ramadan fasting does not violate the First Amendment of the United States Constitution, see Kelly v. McMillin, 2007 WL 4365350 (S.D. Miss., Dec. 11, 2007) ("This Circuit has ... ruled that prisons need not respond to particularized religious dietary requests to comply with the First Amendment", relying upon Baranowski v. Hart, 486 F.3d 112 (5th Cir.), cert. denied, 552 U.S. 1062, 128 S.Ct. 707, 169 L.Ed.2d 553 (2007), other courts have arrived at a contrary view, at least in the absence of a showing of "legitimate penological interests".  See, e.g., Thompson v. Solomon, 995 F.2d 221 (5th Cir. 1993) (reversing frivolous dismissal of inmate's claim regarding the failure to accommodate Ramadan fasting); Brown v. Groom, 174 Fed.Appx. 847 (5th Cir. 2006) (upholding lower court's finding, on motion for summary judgment, that prison officials were not entitled to qualified immunity in connection with claim regarding attendance at Ramadan services and fasting); Foster v. Ouachita Correctional Center, 2008 WL 4911150 (W.D. La., Nov. 14, 2008) (finding inmate's claim regarding the failure to accommodate Ramadan fasting to be non-frivolous).

seeks injunctive relief, compelling the defendants to enact procedures so as to ensure that inmates are provided with appropriate accommodations during Ramadan in the future, it appears that the plaintiff has since been transferred to a different institution, and such transfer has rendered his request for injunctive relief moot.  See, e.g., Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001). Finally, to the extent that the plaintiff's Complaint may be interpreted as seeking to obtain relief for other inmates still confined at EBRPP, it is clear that the pro se litigant is without standing to assert the civil rights of third persons allegedly affected by the defendants' alleged unlawful conduct. Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986).  Accordingly, the plaintiff's claims relative to these issues are also subject to dismissal.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 9, be granted, and that this action be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on February 22, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**